IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | S13 12 Cr. 171 (JPO) |
| v. | The Hon. J. Paul Oetken |
| TATYANA GABINSKAYA, | |
|        Defendant. | |

**DEFENDANT TATYANA GABINSKAYA'S RESPONSE MEMORANDUM OF LAW TO GOVERNMENT'S MOTIONS *IN LIMINE***

SEAN M. MAHER
*Counsel for Defendant Tatyana Gabinskaya*

The Law Offices of Sean M. Maher, PLLC
233 Broadway, Suite 801
New York, NY 10279
(212) 661-5333
(212) 227-5808 fax

**Preliminary Statement**

Tatyana Gabinskaya, by undersigned counsel, respectfully submits this response memorandum of law in opposition to the government's motions *in limine* filed on September 2, 2014. In its filing, the government requested that the Court should (1) require the defense to give notice of an advice of counsel defense by September 17, 2014 and (2) "preclude the defense from referring to the Fall 2013 Trial as anything other than a 'prior proceeding,' or informing the jury – directly or through cross-examination – of the outcome of the Fall 2013 Trial."[1]

**I.   The Court Should Deny the Government's Request to Require the Defense to Disclose Any Advice of Counsel Defense By September 17, 2014**

The government requests the Court to order Dr. Gabinskaya to provide notice of an advice of counsel defense by September 17, 2014, which is five days before the scheduled commencement of jury selection and a mere two days after the government will provide 3500 materials to the defense. The government primarily bases its request on its stated concern of not being able to access otherwise privileged materials in a timely manner and of defense counsel making arguments suggesting an advice of counsel defense without making the requisite showing. For various reasons, the Court should decline the government's request.

As an initial matter, "[t]he Federal Rules of Criminal Procedure do not specifically require that a defendant provide pretrial notice of an advice-of-counsel defense."[2] "The rules do, however, provide for pretrial notice of three types of defenses: alibi (Rule 12. 1), insanity (Rule 12.2), and public authority (Rule 12.3)."[3] As set forth in the Advisory Committee Notes, "advance notice as to those defenses is required to permit the government to prepare for trial and

---

[1] Govt. Brief at 12.
[2] *United States v. Mubayyid*, 2007WL1826067 at * 1 (D. Mass.)(June 22, 2007).
[3] *Id.*

1

to avoid the necessity of continuances in the middle of the trial."[4]

Judge Saylor cautioned that because "the rules enumerate certain notice requirements, but not others," it "gives the Court some pause."[5] "Ordinarily, the listing of notice requirements in specific instances would strongly suggest that any other notice requirements were intended to be excluded. Nor is the Court empowered as a general matter to fill in the gaps where a statute or rule fails to address a particular circumstance."[6]

The cautionary tone of the *Mubayyid* opinion is instructive. The Supreme Court has never addressed whether a trial court has the authority to require a defendant to provide pretrial notice of intent to use an advice of counsel defense. The Supreme Court has approved the trial court's use of a pretrial hearing to determine whether a defendant should be permitted to provide evidence concerning duress.[7] The Second Circuit similarly has approved such a procedure for claims of duress,[8] but has not held that such a requirement applies to an advice of counsel defense.[9]

The Second Circuit has addressed issues surrounding the advice of counsel defense in criminal cases, however the issues under review have not been pretrial notice, but, for instance,

---

[4] *Id.* (referencing Advisory Committee Note to Rule 12.2).
[5] *Id.*
[6] *Id.* at *2.
[7] *United States v Bailey*, 444 U.S. 394, 415 (holding "that, where a criminal defendant is charged with escape and claims that he is entitled to an instruction on the theory of duress or necessity, he must proffer evidence of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had list its coercive force").
[8] *United States v. Paul*, 110 F.3d 869, 871-872 (2d Cir. 1997)(finding that trial court erred by precluding duress defense and granting new trial); *United States v. Bakhtiari*, 913 F.2d 1053, 1057-1058 (2d Cir. 1990)(upholding Judge Sand's preclusion of duress defense); *United States v. Bifield*, 702 F.2d 342, 346-347 (2d Cir. 1983), *cert. denied*, 461 U.S. 931 (1983),
[9] *Cf. Paul,* 110 F.3d at 871 (stating in dicta that "we have recognized that it is appropriate for a court to hold a pretrial evidentiary hearing to determine whether a defense fails as a matter of a law," while citing only two cases -- *Bifield* and *Bakhtiari* -- both of which involved solely claims of duress).

whether the evidence proffered at trial entitled the defendant to a jury charge,[10] and whether the district court properly rejected an advice of counsel defense in the context of a probation revocation hearing.[11]

Whereas pretrial notice of an advice of counsel defense is neither required under the Federal Rules nor explicitly approved by the Supreme Court or the Second Circuit, a handful of district courts have reasoned that a trial court has the discretion in appropriate circumstances to order a defendant to provide pretrial notice of intent to raise an advice of counsel defense. Those courts, however, have hesitated to exercise their discretion as requested by the government.[12] As stated in *Mubayyid*:

> The fact that the Court appears to have the power to order such notice does not, however, necessarily require that it be exercised to the fullest extent, particularly given the potential burden on the exercise of the attorney-client privilege. In the absence of a specific rule, the requirement of a notice should be imposed only to the extent reasonably necessary to ensure a fair and reasonably efficient trial. Here, it may prove to be the case that such notice is unnecessary, because the communications at issue were never privileged (e.g., because they were made in furtherance of a crime or fraud or because they were intended to be disclosed), or that such notice need not be provided well in advance of the trial, or even at all (e.g., because the communications at issue were relatively brief and there is no need to call rebuttal witnesses).[13]

Although the Second Circuit has not explicitly prohibited trial courts from ordering pretrial notice of an advice of counsel defense, a trial court should still exercise great caution when deciding whether to place such a burden on a defendant. In light of the importance of the

---

[10] *United States v. Beech-Nut Nutrition Corporation*, 871 U.S. F.2d 1181, 1193-1194 (2d Cir. 1989).
[11] *United States v. Colasuonno*, 697 F.3d 164, 179-182 (2d Cir. 2012).
[12] *See United States v. Rubin/Chambers, Dunhill Insurance Services*, et al., 828 F.Supp.2d 698, 710-712 (2011)(denying government's request to compel defense to provide notice of advice of counsel defense six-weeks prior to trial); *United States v. Mubayyid*, 2007WL1826067 * 1-3 (D. Mass.)(June 22, 2007)(denying government's request to compel defense to provide pretrial notice of intent to raise an advice of counsel defense).
[13] *Mubayyid*, 2007WL1826067 at * 2.

Dr. Gabinskaya's Fifth Amendment right to testify and her Sixth Amendment right to compulsory process and to present a defense and the noticeable absence of a notice requirement in the Federal Rules, the Court should deny the government's request.

In many ways, the government's concerns are of their own making. On the eve of the 2013 trial, the government turned over to Dr. Gabinskaya a transcript of an "Examination Under Oath" ("EUO"). In December 2010 and January 2011 a lawyer from Allstate Insurance questioned Dr. Gabinskaya about certain claims that Allstate was refusing to pay to Clearview. Dr. Gabinskaya, who was represented by attorney – and now codefendant - Matthew Conroy, answered numerous questions posed to her. Mr. Conroy verbally interjected numerous times on the record as well.

At the 2013 trial, the government convinced the Court to admit certain portions of the EUO transcript under the theory that it provided direct evidence of Dr. Gabinskaya's involvement and/or *mens rea vis-à-vis* the charged conspiracy.

The EUO, however, did not provide direct evidence of Dr. Gabinskaya's guilt of the charged conspiracy.[14] Instead, the government used the EUO to impeach the credibility of Dr. Gabinskaya, who never testified, on an unrelated bad act for which Dr. Gabinskaya had never been charged (perjury) and for which the government never made the requisite Rule 404(b) admissibility showing.

Now, stretching even further, the government, which did not provide 404(b) notice on September 2, 2014 concerning any intended use of the EUO at the retrial, apparently wants to use the EUO again at the retrial and gain access to any privileged attorney-client documents that may exist concerning Mr. Conroy's representation of Dr. Gabinskaya. In essence, the government is seeking a fishing expedition of the highest order by piercing the attorney-client

---

[14] *See, e.g.,* T 3274-3278; 3402-3412.

4

privilege before Dr. Gabinskaya can even make an intelligent decision whether she wants to waive any privilege she may have. The potential harm is paramount, because once the government is given access to any privileged materials, the privilege evaporates, even if Dr. Gabinskaya subsequently decides not to raise an advice of counsel defense.

As the defense has informed the government, it is still premature to require the defense to make a proffer concerning any advice of counsel defense. The government will not provide 3500 material until September 15, 2014, yet wants the defense to be able to make a conclusive proffer within two days of receiving the 3500 material. Such a request is too burdensome on the defense and ignores the reality that the defense will not be able to make a final determination about whether to use an advice of counsel defense until the evidence is in. While the 2013 trial of this matter has provided the defense some insight into the government's case, the reality is that the retrial likely will be very different than the 2013 trial. Instead of there being five codefendants on trial, with each defendant trying to navigate the best way to marshal an effective defense without drawing cross-fire from cocounsel, the retrial only will involve Dr. Gabinskaya. Accordingly, the witnesses called to testify and the evidence introduced will differ dramatically than the 2013 trial.

At this juncture, it is also premature to order the defense to provide any notice of an advice of counsel defense, because the government has not yet moved to introduce the EUO into evidence at the retrial. If the either the government does not seek to introduce the EUO or if the Court finds that the EUO should be deemed inadmissible under 404(b), 403, or any other grounds, then there is an overwhelming likelihood that Dr. Gabinskaya will not raise any advice of counsel defense.

Because the advice of counsel issue is so intertwined with the EUO issue, the Court

should defer ordering the defense to make any disclosures until there is a clearer picture of what evidence will be admitted at the retrial. If desired by the Court, the defense is prepared to make an *ex parte* showing to the Court before opening statements to explain the status of any contemplated advice of counsel defense and what, if any, discovery issues would be implicated. At a minimum, undersigned counsel has a good faith belief that, if such a defense is raised, any discovery will not be voluminous, will not cause undue delay of the trial, and will pale in comparison to the amount of information provided by the government that the defense has needed to review.

**II.     The Government's Request to Ban Any Reference to the Prior Trial and the Plethora of Not Guilty Verdicts Should Be Denied**

The government seeks an order precluding the defense from "referring to the Fall 2013 Trial as anything other than a 'prior proceeding,' or informing the jury – directly or through cross-examination – of the outcome of the Fall 2013 Trial."[15] The government made the same motion last June in preparation for the trial with codefendant Matthew Conroy. With the Court's permission, Dr. Gabinskaya adopts the response filed by cocounsel for Mr. Conroy and hereby incorporates it by reference.[16] For all of the reasons set forth in Mr. Conroy's response, the Court should deny the government's request.

---

[15] Govt. Brief at 12.
[16] *United States v. Matthew Conroy*, 12 Cr. 171 (JPO), Defense Response to Government Motions in Limine, 1-11, Docket No. 1205, Filed June 27, 2014 (Attached as Exhibit A).

6

## Conclusion

WHEREFORE, Dr. Gabinskaya respectfully requests that the Court deny the government's motions *in limine* and grant such other and further relief that the Court may deem just and proper.

Dated: New York, New York
September 8, 2014

Respectfully submitted,

_____/S/_____
SEAN M. MAHER
SM 7568
*Counsel for Defendant Tatyana Gabinskaya*
The Law Offices of Sean M. Maher, PLLC
233 Broadway, Suite 801
New York, NY 10279
(212) 661-5333
(212) 227-5808 fax