```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
   UNITED STATES OF AMERICA                                :
                                                           :
                                                           :   12-CR-171 (JPO)
                   -v-                                     :
                                                           :   OPINION AND ORDER
   TATYANA GABINSKAYA,                                     :
                                    Defendant.             :
                                                           :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

On October 3, 2014, following an eight-day jury trial, Defendant Tatyana Gabinskaya was convicted of one count of health care fraud, one count of mail fraud, one count of conspiracy to commit health care fraud, and one count of conspiracy to commit mail fraud. Gabinskaya now moves for a judgment of acquittal and a new trial under Federal Rules of Criminal Procedure 29 and 33, respectively. For the reasons that follow, Gabinskaya's motions are denied.

**I.   Discussion**

Out of respect for the central role that the jury plays in our criminal system, a defendant seeking to challenge a jury verdict bears a "heavy burden." *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir. 1994). The defendant cannot prevail if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court, therefore, "view[s] the evidence in the light most favorable to the government and construe[s] all possible inferences in its favor." *See United States v. Puzzo*, 928 F.2d 1356, 1361 (2d Cir. 1991) (internal quotation marks omitted).

To convict the defendant of health care fraud, the Government needed to prove "(1) that there was either (a) a scheme or artifice to defraud or (b) a scheme or artifice to obtain money or property by false and fraudulent pretenses, representations or promises, in connection with the

delivery of, or payment for, health care benefits, items or services; (2) that Dr. Gabinskaya knowingly and willfully executed or attempted to execute that scheme with the intent to defraud; and (3) that the target of the scheme was a health care benefit program." (Dkt. No. 1354, Defendant's Memorandum of Law, at 3.)  Gabinskaya contends that the government offered insufficient evidence to prove the falsity of her representations and her knowledge of the falsity of those representations.  She concedes that the other elements were proven beyond a reasonable doubt.

The thrust of the Government's case at trial was that because Gabinskaya was the "paper owner" of Clearview of Brooklyn Medical P.C. ("Clearview")—while her co-conspirators Mikhail Zemlyansky and Michael Danilovich exercised actual dominion and control over Clearview—each time she wrote that she was the "owner" of Clearview, she made a material misrepresentation to the victim insurance companies.  (*See* Dkt. No. 1445, Government's Memorandum of Law, at 2–8.)  This theory of fraud is called "fraudulent incorporation." (*See* Dkt. No. 603, Memorandum Opinion and Order, at 1.)  As explained more thoroughly in the Court's order sustaining the indictment, although "ownership" within the meaning of New York law is a fluid concept, it is capable of falsification.  (*Id.* at 4–6 (citing *State Farm Mut. Auto. Ins. Co. v. Mallela*, 4 N.Y.3d 313, 320–21 (2005).)  Accordingly, the jury was instructed to determine ownership by considering factors such as "responsibility for the financial risk" of the P.C. and "domination and control over the P.C." as well as indicia of "formal" ownership. (Trans. at 1177–78.[1])

The Government offered sufficient evidence for a reasonable juror to conclude beyond a reasonable doubt that Gabinskaya was not the "owner" of Clearview within the meaning of New

---

[1] The transcript in this case is docketed at several numbers.  For convenience, the Court refers simply to the "transcript" regardless of the docket number of the particular excerpt referenced.

York law.  The evidence suggested that Gabinskaya did not see patients at Clearview.  (*E.g.*, *id.* at 400.)  She rarely visited Clearview's facility in Brooklyn.  (*E.g.*, *id.* at 476.)  Three Clearview employees—who together covered all of Clearview's operating hours—testified that they did not know that Gabinskaya had any management role.  (*Id.* at 429, 453.)  One patient testified that she received medical services at Clearview and never met Gabinskaya.  (*Id.* at 241.)  Taken together, this evidence is sufficient for a reasonable juror to conclude that Gabinskaya was not the "owner" of Clearview and, therefore, that she made a material misstatement of fact when she listed herself as the owner on insurance claim forms.

Similarly, the Government offered sufficient evidence for a reasonable jury to conclude that Gabinskaya knew that she was not the "owner" of Clearview.  The most persuasive—although not the only—evidence of Gabinskaya's knowledge was her false testimony at an Examination under Oath ("EUO") in support of an insurance claim.  At an EUO with Allstate Insurance Corporation, Gabinskaya testified that she worked at Clearview "three hours per day . . . two, three days per week."  (Government's Exhibit 1, Transcript of EUO, at 13, 16.)  But this testimony was squarely contradicted by the Government's evidence that Gabinskaya hardly ever appeared at Clearview.  Similarly, Gabinskaya testified at the EUO that she conducted an interview of all incoming patients to determine the order in which MRI scans were to be administered.  This evidence, too, was contradicted by the testimony of the patient who said she never saw Gabinskaya.  The evidence, taken together, is sufficient for a reasonable juror to conclude that Gabinskaya's EUO testimony falsely inflated her involvement at Clearview.  And that conclusion is circumstantial evidence that Gabinskaya knew that she was not the true owner of Clearview.  Therefore, there is sufficient evidence for a reasonable juror to conclude (1) that Gabinskaya was not the real owner of Clearview and (2) that she knowingly lied about that fact

in an effort to deceive insurance companies.  Gabinskaya's motion for a judgment of acquittal on the count of health care fraud is denied.

Gabinskaya's motion for a judgment of acquittal on the count of mail fraud is denied for essentially the same reasons.  To convict Gabinskaya of mail fraud, the Government needed to prove "(1) that there [was] either (a) a scheme or artifice to defraud or (b) a scheme or artifice to obtain money or property by false and fraudulent pretenses, representations or promises; (2) that Dr. Gabinskaya knowingly and willfully executed or attempted to execute that scheme with the intent to defraud; and (3) that in executing the scheme to defraud, . . . Dr. Gabinskaya used or caused the use of the mails."  (Defendant's Memorandum of Law, at 4.)  Gabinskaya does not challenge the sufficiency of the evidence on the last element.  A reasonable jury, then, could conclude beyond a reasonable doubt that Gabinskaya committed mail fraud just as a reasonable jury could conclude that Gabinskaya committed health care fraud by falsely claiming to be the owner of Clearview.

Next, Gabinskaya challenges the two conspiracy counts of which she was convicted.  To convict her of conspiracy to commit either substantive offense, the Government needed to prove (1) an illegal agreement between Gabinskaya and at least one individual and (2) that Gabinskaya knowingly entered the agreement with the intent to defraud.  Gabinskaya contends that there was no evidence of an illegal agreement.  A "conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (internal quotation marks omitted).  As such, conspiracies can be—and often are—proven by circumstantial evidence only.  *E.g.*, *United States v. Gordon*, 987 F.2d 902, 906–07 (2d Cir. 1993).  Here, the Government put on a sufficient circumstantial case that Gabinskaya conspired with Zemlyansky and Danilovich to commit health care fraud and mail fraud.  The evidence

suggests that Zemlyansky and Danilovich were the "real" owners of Clearview and that they procured Gabinskaya's involvement in the scheme in exchange for $1,500 per week. (*E.g.*, Government Exhibit 1, at 88.)  The jury could reasonably conclude, therefore, that Gabinskaya agreed with Zemlyansky and Danilovich that she would be the "paper" owner of Clearview. Because the Government, as discussed above, offered sufficient evidence for a reasonable jury to conclude that Gabinskaya was not the real owner of Clearview—and, therefore, that her statements to the insurance companies were false—the Government offered sufficient evidence for a reasonable jury to conclude that she entered the agreement with Zemlyansky and Danilovich with knowledge that the scheme was fraudulent.  Gabinskaya's motion for a judgment of acquittal on the conspiracy counts is, therefore, denied.

Because the Government has offered sufficient evidence for a reasonable jury to convict Gabinskaya of all the counts against her, and because the Court finds no other error in the proceedings against her, Gabinskaya's motion for a new trial is denied.

## II.   Conclusion

For the foregoing reasons, Gabinskaya's motions for a judgment of acquittal and for a new trial are DENIED.

The Clerk of the Court is directed to close the motion at docket number 1352.

SO ORDERED.

Dated: February 25, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge